[Cite as *Freihofner v. Freihofner*, 2020-Ohio-1409.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| JENNIFER S. FREIHOFNER | : | JUDGES: |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| ANTON FREIHOFNER | : | Case No. 19 CAF 06 0038 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING: Appeal from the Court of Common
Pleas, Case No. 17DRA030147

JUDGMENT: Judgment Vacated and Remanded

DATE OF JUDGMENT: April 10, 2020

APPEARANCES:

For Plaintiff-Appellee

KENNETH J. MOLNAR
21 Middle Street
Galena, OH  43021

For Defendant-Appellant

LOUIS H. HERZOG
43 East Central Avenue
Delaware, OH  43015

*Wise, Earle, J.*

{¶ 1} Defendant-Appellant, Anton Freihofner, appeals the May 10, 2019 judgment entry of the Court of Common Pleas of Delaware County, Ohio finding him in contempt. Plaintiff-Appellee is Jennifer S. Freihofner.

FACTS AND PROCEDURAL HISTORY

{¶ 2} On March 10, 2017, appellee filed a complaint for divorce. A final hearing was completed on November 29, 2018. The parties were given until December 21, 2018 to file closing arguments.

{¶ 3} On January 14, 2019, prior to a final decision being issued, appellee filed a motion for contempt, alleging appellant failed to pay the child care provider as ordered, and permitted contact between the children and his attorney contrary to a prior order. A hearing was scheduled for February 13, 2019; however, the hearing was conducted as a management conference with counsel. According to appellant's statement of the case and of the facts in his appellate brief, the trial court was to consider the amount due and owing the child care provider and incorporate that amount into the final decision without reaching a decision on the contempt. By judgment entry filed May 10, 2019, the trial court found appellant in contempt for failure to pay his portion of the child care expense. The trial court sentenced appellant to ten days in jail with the ability to purge the contempt upon paying the outstanding amount and appellee's attorney fees.

{¶ 4} On June 5, 2019, appellant filed a motion to reconsider, arguing a hearing was never held on the contempt motion per the agreement to include any monies due and owing in the final decision. This motion was not ruled upon.

{¶ 5} On June 10, 2019, appellant filed a notice of appeal of the May 10, 2019 contempt finding. Because a transcript of the February 13, 2019 hearing was unavailable,

appellant filed a statement of evidence on August 28, 2019. This matter is now before this court for consideration. Assignments of error are as follows:

I

{¶ 6} "THE TRIAL [COURT] ABUSED ITS DISCRETION AND PREJUDICED THE RIGHTS OF THE APPELLANT BY ISSUING A FINDING OF CONTEMPT WITHOUT HOLDING A HEARING OR TAKING EVIDENCE AS SPECIFICALLY REQUESTED BY APPELLANT AND AS REQUIRED BY R.C. 2705.05(A)."

II

{¶ 7} "THE COURT COMMITTED PREJUDICIAL AND PLAIN ERROR AND VIOLATED APPELLANT'S RIGHTS UNDER THE DUE PROCESS CLAUSE AND EQUAL PROTECTION CLAUSE OF THE UNITED STATES AND OHIO CONSTITUTIONS BY ORDERING A FINDING OF CONTEMPT WITHOUT HOLDING A HEARING."

I

{¶ 8} In his first assignment of error, appellant claims the trial court abused its discretion in failing to hold a hearing before finding him in contempt. We agree.

{¶ 9} At the outset, we note a transcript of the February 13, 2019 hearing/management conference does not exist. *See* Certification of No Audio Transcript (02/13/2019) filed August 29, 2019. Therefore, appellant filed a statement of evidence with this court on August 28, 2019. The statement of evidence was served on appellee and appellee did not file any objections or proposed amendments; however, appellant did not submit the statement of evidence to the trial court for settlement and approval. Therefore, we find appellant's statement of evidence does not comport with App.R. 9(C).

{¶ 10} Appellee did not file an appellate brief. Pursuant to App.R. 18(C), "in determining the appeal, the court may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action."

{¶ 11} On January 14, 2019, appellee filed a motion for contempt against appellant, alleging events that occurred after the final hearing. By judgment entry filed January 18, 2019, the trial court set a hearing on the motion for February 13, 2019. By judgment entry filed May 10, 2019, the trial court found appellant in contempt and sentenced him to ten days in jail with the ability to purge the contempt upon paying the outstanding amount ($370.00), appellee's attorney fees ($750.00), and the costs associated with the motion. The trial court noted the scheduled hearing "was instead conducted as a management conference with counsel." The August 29, 2019 certification of no audio transcript indicates the contempt hearing went forth as a "Non-Oral Hearing/Case Management Conference with Counsel."

{¶ 12} In his statement of the case and of the facts at 4-5, appellant states the following:

Undersigned counsel did specifically clarify that there was no agreement for any finding as to any specific violation of a court order in the nature of contempt. Undersigned counsel further indicated an ability and preparedness to go forward on the issue of contempt. However, the trial court and counsel for Appellee agreed that the economics of the issue, as minor as it was (less than $400), was such that trial expenses to resolve the contempt issue was imprudent at that time since a full decision was

imminent.   Accordingly, the hearing was converted to a "management conference."

At that moment, undersigned Counsel further apprised the trial Court that no contempt order would be issued without an actual hearing * * *. Accordingly, the Trial Court advised that it would not address the specific issue of Contempt, and would roll the other issues into the larger decision to be issued on the trial completed in 2018.

{¶ 13} R.C. 2705.05(A) states in part: "In all contempt proceedings, the court shall conduct a hearing.  At the hearing, the court shall investigate the charge and hear any answer or testimony that the accused makes or offers and shall determine whether the accused is guilty of the contempt charge."

{¶ 14} We find the state of the record and appellant's brief reasonably appear to support appellant's argument.  A hearing on the contempt motion was not held.

{¶ 15} Upon review, we find the trial court abused its discretion in finding appellant in contempt without holding a hearing.

{¶ 16} Assignment of Error I is granted.

II

{¶ 17} Based upon our decision in Assignment of Error I, this assignment of error is moot.

{¶ 18} The judgment of the Court of Common Pleas of Delaware County, Ohio is hereby vacated, and the matter is remanded to said court to follow the agreement reached during the management conference or hold a hearing on the contempt motion as requested by appellant in his appellate brief at 8.

By Wise, Earle, J.

Wise, John, P.J. and

Delaney, J. concur.


EEW/db